UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK TWAIN GADDIS,

          Plaintiff,

v.

CITY OF DETROIT,
STEPHEN KUE,
JUSTIN MARROQUIN,
WALLACE RICHARDS,
KHARY MASON, and
PATRICK LANE,

          Defendants.
_____/

Case No. 2:18-cv-13763
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**ORDER ADDRESSING (1) DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, COMPEL (ECF No. 46); (2) DEFENDANT CITY OF DETROIT'S MOTION TO QUASH (ECF No. 47); and, (3) PLAINTIFF'S MOTION TO COMPEL (ECF No. 49)**

**A.   Background**

This is a civil rights case, which stems from the alleged events of June 21, 2017.  Discovery was originally due on January 24, 2020.  (ECF No. 18.)  By way of a stipulated order, the discovery deadline was extended to March 9, 2020.  (ECF No. 28.)  Following Plaintiff's motion to amend the stipulated scheduling order, the Court entered an order, which, *inter alia*, required discovery motions to be filed no later than March 23, 2020 and further extended the discovery deadline to May 29, 2020.  (ECF No. 45, PageID.403.)

1

### B. Instant Motions

Currently before the Court are three discovery related motions, two filed by Defendants on March 23, 2020 (ECF Nos. 46 & 47) and one filed by Plaintiff on March 24, 2020 (ECF No. 49).[1] The parties have filed responses (ECF Nos. 55, 56 & 57) and a reply (ECF No. 59).

Judge Tarnow has referred these motions to me for hearing and determination, and the parties have filed a joint statement of resolved and unresolved issues. (ECF No. 61.) An on-the-record, telephonic hearing was held on April 24, 2020, at which attorneys Julie H. Hurwitz, William H. Goodman, Allison L. Kriger, and Gregory G. Paddison appeared. (ECF Nos. 51, 60.) The Court entertained oral argument on the motion, after which the Court issued its rulings from the bench.

### C. Order

For the reasons stated on the record, <u>all of which are incorporated by reference as though fully restated herein</u>, the Court rules as follows:

#### 1. Defendants' Motion to Dismiss/Compel (ECF No. 46)

Defendants' motion (ECF No. 46, PageID.411, 413), as narrowed by the parties' joint statement (ECF No. 61, PageID.1414-1415), is **DEEMED**

---

[1] The filing date of Plaintiff's motion was the subject of Defendants' motion to strike, which was denied on April 14, 2020. (*See* ECF Nos. 52, 53, 54, 58.)

**WITHDRAWN** to the extent it seeks dismissal under Fed. R. Civ. P. 37(b)(2)(A), **DEEMED RESOLVED** to the extent it asks Plaintiff to make himself available for deposition within 21 days (as the parties have agreed to June 22, 2020 as the date for Plaintiff's deposition), and **DEEMED RESOLVED** to the extent it seeks supplemental responses to Defendants' written discovery requests, with the following exceptions:

> **(1)** the motion is **DENIED** as to Interrogatory No. 13, which sought Plaintiff's cell phone information for a period before or after July 21, 2017 (ECF No. 46-7, PageID.470; ECF No. 61, PageID.1415), due to Defendants' failure to comply with E.D. Mich. Local Rules 7.1(a) or 37.1; and,
>
> **(2)** the motion is **GRANTED** as to Request for Production No. 7, which sought Plaintiff's tax return information (ECF No. 46-8, PageID.476-477), as Plaintiff acknowledged his obligation under Fed. R. Civ .P. 26(a)(1)(A)(iii) to disclose such information. Pursuant to Fed. Rules Civ. P. 1, 16, and 26(a)(1), tax records shall be produced for 2014 – through trial, with an ongoing obligation to supplement. Plaintiff's response, either by production of an income tax return or by production of an executed IRS release, shall occur no later than **Friday, May 8, 2020**.

The Court will enforce any stipulation, agreements or resolutions made within the relative portion of the parties' joint statement, including but not limited to Plaintiff's phone number for the limited purpose of obtaining his phone records for the night of July 21, 2017 (ECF No. 61, PageID.1414-1415), and service of answers, responses or production shall occur no later than Friday, May 15, 2020.

> **2.** **Defendants' Motion to Quash (ECF No. 47)**

Notwithstanding the absence of an E.D. Mich. LR 7.1(a) certification, but recognizing that there were extenuating circumstances for defense counsel, taking into consideration the date on which defense counsel received the March 11, 2020 Rule 30(b)(6) deposition notice (ECF Nos. 47-1, 56-2), and having reviewed defense counsel's Saturday, March 21, 2020 e-mail (ECF No. 47, PageID.482 ¶ 11, ECF No. 56-4, PageID.1235), Defendant City of Detroit's motion to quash Plaintiff's first notice of taking depositions pursuant to Fed. R. Civ. P. 30(b)(6) (ECF No. 47, PageID.483, 491), as narrowed by the March 23, 2020 e-mail (ECF No. 56-5) and the parties' joint statement (ECF No. 61, PageID.1416-1418), is **DEEMED RESOLVED**, with the following exceptions:

(1) Plaintiff's objection that the motion does not comply with E.D. Mich. LR 7.1 or the Undersigned's Motion Practice Guidelines (ECF No. 56, PageID.1209, 1218-1220) is **OVERRULED**;

(2) The City's motion to quash is **GRANTED** to the extent Plaintiff seeks to examine the Rule 30(b)(6) witness(es) on "[t]he meaning and significance to the [Detroit Police Department] DPD of any findings in these investigations of these officers[,]" because this topic is vague, ambiguous, argumentative and overbroad; and,

(3) The City's motion to quash is **DENIED** to the extent Plaintiff seeks to examine the Rule 30(b)(6) witness(es) on "[h]ow the specific investigations of these individuals were conducted and whether those investigations comported with DPD practice and policies[,]" as (i) this topic concerns factual issues, (ii) Plaintiff's counsel agreed to circumscribe this topic to relate to improper use of force, tampering with evidence, and inaccurate reporting, and (iii) the Court will further permit the sub-topic of "unlawful and unreasonable entry onto private premises without

4

      either a warrant or probable cause," as specified in the Complaint (ECF No. 1, PageID.18-19 ¶ 64(c)).

Reasonably in advance of the deposition, Plaintiff must identify the specific reports about which it wishes to cross-examine the witness. Moreover, the Court will enforce any stipulation, agreements or resolutions made within the relative portion of the parties' joint statement (ECF No. 61, PageID.1416-1418). Finally, taking into consideration the forthcoming discovery deadline and the various limitations presented by the COVID-19 pandemic, the parties are expected to be reasonable and make good faith efforts as to the timing of the Rule 30(b)(6) depositions, working out stipulations wherever possible.

### 3. Plaintiff's Motion to Compel (ECF No. 49)

Plaintiff's March 24, 2020 motion to compel production of all documents and things responsive to first requests for production and to provide full and complete answers to first set of interrogatories (ECF No. 49, PageID.550-551), as narrowed by the parties' joint statement (ECF No. 61, PageID.1408-1413), is **DEEMED RESOLVED** as to Interrogatory Nos. 2-11 (*see* ECF No. 49-3) but, as to the Requests to Produce (ECF No. 49-2), is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- As to **Request to Produce No. 2** (ECF No. 49-2, PageID.593), which sought the five individual Defendants' "complete personnel files," Defendant City of Detroit shall supplement its latest response to the request, as phrased, subject to the redactions offered in the joint statement (ECF No. 61,

PageID.1408). *See Sanford v. City of Detroit*, 355 F. Supp.3d 619, 621-622 (E.D. Mich. 2019) (Whalen, M.J.) (opinion and order permitting "discovery of Defendants' employment records relating to any disciplinary actions or findings contained therein.").

- As to **Request to Produce No. 3** (ECF No. 49-2, PageID.593-595), Defendant City of Detroit shall supplement its latest response, limited to the five individual Defendants and subject to the limitations set forth in the parties' joint statement (ECF No. 61, PageID.1408-1410).

- As to **Request to Produce Nos. 4 & 5** (ECF No. 49-2, PageID.595-596), Defendant City of Detroit shall supplement its latest response, subject to the limitations set forth in the parties' joint statement (ECF No. 61, PageID.1410-1411), namely documents in the custody of the DPD, not records from City of Detroit Law Department.

- As to **Request to Produce Nos. 6 & 7** (ECF No. 49-2, PageID.596-597), Defendant City of Detroit shall supplement its latest responses to include information related to the named individual defendants for their entire employment. Additionally, Plaintiff will be permitted to examine the Rule 30(b)(6) witness(es) on the subjects of these requests, *i.e.*, how the DPD handles firearm discharge and lethal force investigations (ECF No. 61, PageID.1411).

- As to **Request to Produce No. 8** (ECF No. 49-2, PageID.598-599), Defendant City of Detroit shall review and supplement its latest response to reflect the clarification that it is DPD-wide in scope (ECF No. 61, PageID.1411-1412).

- As to **Request to Produce No. 9** (ECF No. 49-2, PageID.599), and subject to the parties' resolution to limit the scope of this request to 2010 - present (ECF No. 61, PageID.1412), Defendant City of Detroit shall supplement its latest response but may limit its response to:  **(1)** Subsections (a) and (b) of the request; and, **(2)** audits.

- As to **Request to Produce No. 10** (ECF No. 49-2, PageID.600), which was further addressed in the parties' joint statement (ECF No. 61, PageID.1412-1513), Defendant City of Detroit shall permit inspection of its original file pertaining to Plaintiff's shooting, arrest and subsequent criminal investigation/prosecution, including all of the evidence.

- As to **Request to Produce Nos. 11 & 12** (ECF No. 49-2, PageID.601-602), Defendant City of Detroit shall supplement its latest responses by **May 29, 2020** (*i.e.*, the close of discovery), although privilege logs will be due on **June 1, 2020**.

Where Defendant City of Detroit's responses or supplemental responses have included boilerplate objections or privilege objections (*see* ECF Nos. 49-4 [Resp.], 49-5 [Supp. Resp.]) without a privilege log as required by Fed. R. Civ. P 26(b)(5)(A), the objections are **DEEMED WAIVED** and **OVERRULED**, as Defendants' objections: (1) lack specificity; (2) are not explained in a privilege log; (3) are rote in nature; and, (4) were not accompanied by related motions for protective orders. *See Wesley Corp. v. Zoom T.V. Products, LLC,* No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-210 (E.D. Mich. 2018) (Stafford, M.J.) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection.") (citation omitted). Moreover, Defendants have failed to carry their burden to demonstrate the applicability of these privileges in their discovery responses, in their briefing, or at oral argument. *See West v. Lake State Ry. Co.,*

7

321 F.R.D. 566, 568-569 (E.D. Mich. 2017) (Morris, M.J.) (generalized statement that Defendant could withhold privileged documents was "completely insufficient under Fed. R. Civ. P. 26(b)(5)."); *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983) ("The burden of establishing the existence of the privilege rests with the person asserting it."); *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) ("A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared 'in anticipation of litigation.'") (quoting *In re Powerhouse Licensing, LLC,* 441 F.3d 467, 473 (6th Cir.2006)). Service of written responses and production required by this Order shall occur no later than **Friday, May 15, 2020**, unless otherwise specified above. Unless expressly contradicted above, the Court will enforce any stipulation, agreements or resolutions made within the relative portion of the parties' joint statement (ECF No. 61, PageID.1408-1413).

### 4. Protective order, reasonable expenses, and seeking concurrence

Any production ordered above may be made subject to a stipulated protective order. To the extent any party sought an award of costs or expenses associated with these motions (*see*, *e.g.*, ECF No. 49, PageID.551), any such request is **DENIED**, as no party completely prevailed on any of the three motions.

Finally, the parties are hereby put on notice that any further motion lacking a certification of and actual compliance with E.D. Mich. LR 7.1(a) will be stricken from the record.

**IT IS SO ORDERED.**

**Dated:** April 30, 2020

Anthony P. Patti
U.S. MAGISTRATE JUDGE