UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK TWAIN GADDIS,

          Plaintiff,

v.

CITY OF DETROIT,
STEPHEN KUE,
JUSTIN MARROQUIN,
WALLACE RICHARDS,
KHARY MASON, and
PATRICK LANE,

          Defendants.
_____/

Case No. 2:18-cv-13763
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS REGARDING 30(b)(6) DEPOSITIONS OR FOR AN ORDER ALLOWING 30(b)(6) DEPOSITION IN COMPLIANCE WITH THE RULES (ECF No. 71)**

**A.   Background**

This is a civil rights case, which stems from the alleged events of June 21, 2017.  The operative complaint sets forth three causes of action based upon the Fourth Amendment (false arrest, unreasonable and excessive force, and malicious prosecution) and another based upon *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  (ECF No. 1, PageID.13-20.)

Discovery was originally due on January 24, 2020.  (ECF No. 18.)  The deadline has since been extended on multiple occasions.  (*See*, *e.g.*, ECF Nos. 28,

45, 63, 66.)  Amidst these extensions, on or about March 11, 2020, Plaintiff noticed the Detroit Police Department's Fed. R. Civ. P. 30(b)(6) deposition for April 17, 2020.  (ECF No. 56-3.)  The City of Detroit filed a motion to quash (ECF No. 47), which this Court deemed resolved on April 30, 2020 (ECF No. 62, PageID.1421-1423).  Pursuant to the Court's August 28, 2020 order, the two Fed. R. Civ. P. 30(b)(6) depositions of Defendant City of Detroit were to take place via video conference on Wednesday, October 14, 2020 and Tuesday, October 20, 2020.  (ECF No. 66, PageID.1437.)

On November 12, 2020, Plaintiff sought leave to file a motion regarding Fed. R. Civ. P. 30(b)(6) witnesses.  (ECF No. 69.)  The Court granted this request on November 18, 2020 and ultimately provided that any such motion should be filed by December 2, 2020.

### B. Instant Matter

Currently before the Court is Plaintiff's December 2, 2020 motion "for sanctions regarding 30(b)(6) depositions," or, alternatively, "for an order allowing 30(b)(6) deposition in compliance with the rules."  (ECF No. 71.)  Defendants have filed a response (ECF No. 83), Plaintiff has filed a reply (ECF No. 86), and the parties have filed a joint statement of resolved and unresolved issues (ECF No. 88).

On February 2, 2021, I conducted a video hearing, at which Plaintiff's counsel (Julie H. Hurwitz, William H. Goodman, Allison L. Kriger) and defense counsel (Gregory G. Paddison, and Philip J. Hiltner) appeared. (ECF No. 77, 87.) The Court entertained oral argument from counsel, after which the Court issued certain rulings from the bench.

**C.     Order**

For the reasons stated on the record, <u>all of which are incorporated by reference as though fully restated herein</u>, and keeping in mind that the Fed. Rules of Civ. Pro. "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" Fed. R. Civ. P. 1, and that "[a] lawsuit is a search for the truth[,]" *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981), Plaintiff's prayer for relief (*see* ECF No. 71, PageID.1488) is **GRANTED** as follows:

**(1)**     To the extent Plaintiff requests an order requiring Defendant City's designated 30(b)(6) witnesses to answer questions which its counsel improperly instructed them not to answer *and/or* Defendant City to designate a representative who has the requisite 30(b)(6) knowledge of the Citizen Complaints and Force Investigations, as set forth in Plaintiff's properly served 30(b)(6) Notices of Deposition (ECF Nos. 71-2, 71-3):

    **(a)**    Defendant City's objection and instruction not to answer at the October 14, 2020 deposition of Lt. Jeffrey Hahn (*see* ECF No. 71-15 [Page 108 at lines 14-16]), are **OVERRULED**; and;

    **(b)**    Defendant City's objections and instructions not to answer at the October 20, 2020 deposition of Lawrence Akbar (*see* ECF No. 71-14 [Page 216 at line 14, Page 218 at line 19, Page 220 at lines 8-9, Page 223 at lines 7-8, and Page 240 at lines 9-10]), are **OVERRULED**.

These questions did not violate the Court's August 28, 2020 order (ECF No. 66), nor did they exceed the scope of the respective Rule 30(b)(6) deposition notices.

As for the summaries of the data that is contained in Exhibits 5-7, Defendant City has until **Friday, February 12, 2021** to electronically produce – via email or Dropbox – all available summaries (whether on the City's website or not), as described by defense counsel on the record. As for the Excel spreadsheets, which were produced in October 2020 in response to Request for Production No. 9, which consist of more than 3,000 pages,[1] and which are difficult to decipher (*see* ECF No. 71, PageID.1491), no later than **Tuesday, February 16, 2021**, defense counsel must send a letter to Plaintiff's counsel that answers the following questions/provides the following information:

    **(a)**    how this information was put together;

    **(b)**    what information was drawn upon in order to put this information together;

---

[1] Exhibit 5 consists of 30 pages (ECF No. 71-6); Exhibit 6 consists of 2,521 pages (ECF Nos. 71-7, 71-8, 71-9, 71-10); and Exhibit 7 consists of 892 pages (ECF Nos. 71-11, 71-12, 71-13).

  **(c)** who can interpret these documents;

  **(d)** who retrieved them in order to prepare them for production;

  **(e)** who can say how this data was used;

  **(f)** who can say how the data was compiled;

  **(g)** who can say what the various entries mean; and,

  **(h)** who can say where this data fits, in between the citizen complaints and the preparation of the summaries.

No later than **Tuesday, March 2, 2021**, Plaintiff may take a deposition(s) based on these questions – not to exceed a combined three hours of deposition time (although this limitation may be revisited by way of a status conference if there are too many individuals identified) – at Plaintiff's own expense.

 The Rule 30(b)(6) deposition of Hahn is reopened for a total of 45 minutes for the purpose of asking the question to which the Court overruled the objection and appropriate follow-up questions. It is not to be used to re-plow old ground or to ask questions on other topics that counsel may have failed to cover at the prior deposition.

 The Rule 30(b)(6) deposition of Akbar is reopened for a total of 2 hours and 45 minutes for the purpose of asking the questions to which the Court overruled the objections and appropriate follow up questions, as well as the summaries. Likewise, it is not to be used to re-plow old ground or to ask questions on other

topics that counsel may have failed to cover at the prior deposition. If either deponent does not know the answer to the question posed, then he should state so; and, if defense counsel believes that a question exceeds the scope of the original Rule 30(b)(6) notice (the categories of which shall continue to govern), he may make a record to that effect, bearing in mind the very limited circumstances in which a witness may be instructed not to answer under Rule 30(c)(2). <u>Both the Akbar and Hahn depositions shall be completed by **February 26, 2021**</u>.

**(2)** To the extent Plaintiff requests an Order of Sanctions for violating this Court's August 28, 2020 Order (ECF No. 66) and for violating Fed. Rules Civ. P. 30(b)(6) and 30(c)(2) <u>and</u> an award of reasonable expenses incurred as a result of its alleged ongoing failure to abide by this Court's Order or the discovery rules – under Fed. R. Civ. P. 37(b) ("Failure to Comply with a Court Order.") and/or Rule 37(c) ("Failure to Disclose, to Supplement an Earlier Response, or to Admit.") – Defendant City of Detroit shall reimburse Plaintiff's counsel, no later than **Monday, March 15, 2021**, in the amount of $2,975.00 (*i.e.*, $350 per hour for the 3.5 hours of reopened depositions and 5 hours for preparation of the instant motion (ECF No. 71) and responding (ECF No. 82) to Defendant City's motion for leave to

6

exceed page limitation (ECF No. 80)).² Defendant City of Detroit will bear all court reporter fees and the transcript order costs for the reopened depositions.

**IT IS SO ORDERED.**

**Dated:** February 3, 2021

Anthony P. Patti
U.S. MAGISTRATE JUDGE

---

² The Court arrived at this hourly rate based on, *inter alia*, Plaintiff's counsel's years in practice, the size of her law firm, and her area of specialty. Notwithstanding Plaintiff's counsel's belief that the Hahn deposition's additional 45 minutes should be reimbursed at a higher hourly rate than $350 for Attorney Goodman's time, the Court balanced the various considerations by being intentionally liberal as to the amount of time allotted and more conservative as to the hourly rate, rather than the other way around, which gets Plaintiff's counsel to the same place. If Plaintiff chooses to have one of the less experienced of the three attorneys on its litigation team complete the Hahn questioning, leave is given to do so (although only one attorney will be permitted to ask questions or make statements on the record for Plaintiff), without further adjustment to the hourly rate awarded.