UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK TWAIN GADDIS,

             Plaintiff,

v.

CITY OF DETROIT,
STEPHEN KUE,
JUSTIN MARROQUIN,
WALLACE RICHARDS,
KHARY MASON, and
PATRICK LANE,

             Defendants.
_____/

Case No. 2:18-cv-13763
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**STATUS CONFERNCE ORDER PERMITTING LIMITED COMPLETION OF DISCOVERY and ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A MOTION TO RE-OPEN DISCOVERY (ECF No. 111)**

This is a civil rights case, which stems from the alleged events of June 21, 2017.  Discovery was originally due on January 24, 2020 (ECF No. 18), and, over the course of the lawsuit, was extended to July 28, 2020 (ECF No. 63).  The Court permitted completion of certain outstanding discovery by October 28, 2020.  (ECF No. 66.)  Since then, discovery has been permitted to proceed in various, specific forms.  (ECF Nos. 89, 92, 94-96.)

On August 19, 2021, in accordance with the Court's April 14, 2020 text-only order, Plaintiff filed a letter, which requested leave to file a motion to re-open

1

discovery. (ECF No. 111.) Defendants filed a response. (ECF No. 114.) Judge Tarnow referred the matter to me, and a video status conference was noticed for September 7, 2021, at which attorneys Julie H. Hurwitz, William H. Goodman, Allison L. Kriger, Melissa A. Brown, Gregory B. Paddison, Krystal A. Crittendon, and Philip J. Hiltner appeared. (ECF Nos. 115-117.) The Court entertained commentary and argument from counsel, after which the Court issued certain rulings from the bench.

For the reasons stated on the record, <u>all of which are incorporated by reference as though fully restated herein</u>, Plaintiff's August 19, 2021 request for leave to file a motion to reopen discovery (ECF No. 111) is **DENIED** at this time, although completion of some outstanding and some new, limited discovery will be permitted as follows:

    **1.**    Although Assistant Chief LeValley was deposed on April 28th and August 5th, Plaintiff may continue LeValley's deposition for no longer than one hour forty-five minutes, but Plaintiff must provide Defendants with at least five days' notice;[1]

    **2.**    Plaintiff may continue Lt. Firsdon's deposition for no longer than one hour thirty minutes but must provide Defendants with at least five days' notice; and,

    **3.**    Defendants shall produce a Fed. R. Civ. P. 30(b)(6) witness(es) who is(are) knowledgeable about "DPD's Disciplinary Administration Unit practices . . ." and policies (ECF No. 111,

---

[1] For all oral depositions under Fed. R. Civ. P. 30 addressed in this order, Plaintiff must give reasonably specific advance notice as to the subjects to be addressed and the documents likely to be explored.

      PageID.10877) between 2010 and May 2018 (the date of Plaintiff Gaddis's acquittal).  Plaintiff must provide 10 days' notice of this deposition, and it may not exceed four hours.

**4.**      On or before **October 4, 2021**, Plaintiff may take the deposition of either current Chief of Police White or former Chief of Police Craig (but not both) by serving a maximum of twelve written questions, including all discrete subparts, pursuant to Fed. R. Civ. P. 31, limited to the subject of public statements they made to the press/media concerning "Kue's citizen complaint/disciplinary history and DPD's decision to promote him," (ECF No. 111, PageID.10877).

Plaintiff is cautioned to use all of this time wisely and efficiently.  Moreover, to the extent Plaintiff alleges that "[d]efense counsel barred LeValley from answering questions about DPD's decision about how to proceed with Kue by erroneously claiming attorney-client privilege[,]" (*id.*), and to the extent Defendants represent that "the privileged conversation noted by Plaintiff was between LeValley, AC Bettison, Chris Graveline (attorney in Professional Standards), and D.C. Ha (DPD's Chief Legal Advisor) about an ongoing DPD Investigation[,]" (ECF No. 114, PageID.10888), the parties are required to meet and confer for a minimum of one hour (preferably with Chief Legal Advisor D.C. Ha in attendance) – either face to face or via video conference – pursuant to E.D. Mich. LR 7.1 to discuss, via a *meaningful, two-way exchange*, resolution of these disputes.  Only thereafter may the parties file a motion – limited to the issue of whether the attorney client privilege was properly asserted – not to exceed seven pages in length, which may be followed by a seven page response and a three page reply.  The Court will

strictly enforce its Local Rules on format and type size and will not accept briefs in which single-spaced footnotes are used to get around the page limitations. *See* E.D. Mich. LR 5.1(a)(2),(3).

Finally, it is worth repeating that the discovery deadline expired long ago. Therefore, not unlike the caution provided in the Court's August 28, 2020 order (ECF No. 66, PageID.1437), <u>this is not a general extension of discovery</u>. This lawsuit is well-beyond that point. **<u>The Court will not permit any further discovery</u>**.

**IT IS SO ORDERED.**

**Dated:** September 9, 2021

Anthony P. Patti
U.S. MAGISTRATE JUDGE