UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK TWAIN GADDIS,

                    Plaintiff,

v.

CITY OF DETROIT,
STEPHEN KUE,
JUSTIN MARROQUIN,
WALLACE RICHARDS,
KHARY MASON, and
PATRICK LANE,

                    Defendants.

_____/

Case No. 2:18-cv-13763

District Judge Stephanie Dawkins Davis

Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DEFENDANT CITY OF DETROIT'S FED. R. CIV. P. 30(b)(6) WITNESS TO ANSWER QUESTIONS (ECF No. 138)

### A.    Background

This is a civil rights case, which stems from the alleged events of July 21, 2017.  It has been pending since December 4, 2018.  At the heart of the motion currently before the Court is an apparent July 2021 meeting, which "occurred regarding the personnel status of Defendant Stephen Kue," and which "was attended by Police Chief White, Assistant Chiefs LeValley and Todd Bettison, Professional Standards Director Chris Graveline and DPD attorney Grant Ha."

(ECF No. 138, PageID.12017, 12022; ECF No. 138-2, PageID.12032; *see also* ECF No. 119-3, PageID.10921.)

Discovery in this case has been elongated.  The original scheduling order entered in April 2019 provided, *inter alia*:  "All **Discovery must be completed by:**  1/24/2020.  This Court will order no discovery to take place after that date.  **ALL DISCOVERY MOTIONS** must be filed by:  **12/23/2019[,]**" *i.e.*, one month before the discovery cutoff.  (ECF No. 18, PageID.109 (emphases in original).)  Thereafter, the scheduling order was amended on several occasions.  (*See*, *e.g.*, ECF Nos. 28, 45, 63, 66.)  The most recent amended scheduling order, which was filed on August 28, 2020, expressly provided:  "The period within which to *complete* existing, outstanding discovery requests is extended to **Wednesday, October 28, 2020**."  (ECF No. 66, PageID.1437 (emphases in original).)  In addition to lengthened discovery, the motion practice in this case has been plentiful and includes motions to compel (ECF Nos. 26, 49), a discovery-related motion to dismiss (ECF No. 46), a motion to quash (ECF Nos. 47), motions to strike (ECF Nos. 52, 67), and a motion for sanctions (ECF No. 71).  Having been referred several matters in this case, the Undersigned is all too familiar with the drawn-out discovery and the prolific motion practice.[1]

---

[1] (*See*, *e.g.*, ECF Nos. 27/39, 40/45, 48/50/62, 53/Text-Only Order [Apr. 14, 2020], 64/66, 68/Text-Only Order [Oct. 14, 2020] & 72/89.)

**B.     The September 9, 2021 order**

On August 19, 2021, Plaintiff sought to *re-open* discovery.  (ECF No. 111.)

Judge Tarnow referred the matter to me, and I noticed a status conference for

September 7, 2021.  (ECF Nos. 115, 116, 117).  On September 9, 2021, I entered

an order denying Plaintiff's request for leave to file a motion to re-open discovery

but permitting limited completion of discovery.  (ECF No. 118.)  Importantly, the

Court permitted certain depositions to proceed – namely, the continued depositions

of Assistant Chief LeValley and Lieutenant Firsdon, the deposition of Fed. R. Civ.

P. 30(b)(6) witness(es), and the Rule 31 deposition of either Police Chief White or

former Police Chief Craig.  (*Id*., PageID.10895-10896 ¶¶ 1-4.)  The Order

cautioned Plaintiff "to use all of this time wisely and effectively."  (ECF No. 118,

PageID.10896.)  The order also set forth conditions under which the Court would

consider a motion limited to the issue of whether the attorney client privilege was

properly asserted in the LeValley deposition(s).  (*Id*., PageID.10896-10897.)

Finally, the order stated:

> . . . it is worth repeating that the discovery deadline expired long ago.
> Therefore, not unlike the caution provided in the Court's August 28,
> 2020 order (ECF No. 66, PageID.1437), <u>this is not a general extension
> of discovery</u>.  This lawsuit is well-beyond that point.  **<u>The Court will
> not permit any further discovery</u>.**

(ECF No. 118, PageID.10897 (emphases in original).)

3

On September 24, 2021, Judge Tarnow entered a stipulated order withdrawing certain pleadings and setting deadlines, including "that all remaining discovery and 30(b)(6) Depositions addressed in Doc. No.118 . . . shall be completed *on or before November 5, 2021*."  (ECF No. 124, PageID.11232 (emphasis added).)  Assistant Chief David LeValley's continued deposition took place on October 19, 2021.  (ECF No. 138-2.)

### C.     The instant motion

On February 9, 2022*, more than three months after LeValley's continued deposition*, Plaintiff filed the instant motion for an order compelling Defendant City of Detroit's Fed. R. Civ. P. 30(b)(6) witness to answer questions "about a meeting that occurred regarding the personnel status of Defendant Stephen Kue[.]"  (ECF No. 138, PageID.12017.)  Defendants have filed a response (ECF Nos. 139, 141), Plaintiff has filed a reply (ECF No. 140), and the parties have filed a statement of resolved and unresolved issues (ECF No. 147).  As set forth in the statement, the unsolved issues include:

1.     Whether the meeting in July 2021, to discuss Defendant Kue's continued employment status in the aftermath of the news story exposing his lengthy history of misconduct within the Detroit Police Department, is protected by attorney-client privilege.[2]

---

[2] *See* Hunter, G. (2019, April 27).  Detroit police officials revamp internal affairs probe procedures.  *Detroit News*. https://www.detroitnews.com/story/news/local/detroit-city/2019/04/27/detroit-police-officials-revamp-internal-affairs-investigation-procedures/3588797002/ (ECF Nos. 119-6, 127-6, 138-3 & 145-5.)

2.      Whether Plaintiff should be able to reconvene 30(b)(6) witness
A.C. LeValley's deposition, for the limited time of 25 minutes,
to inquire as to the decisions made and actions taken as a result
of the meeting.

(ECF No. 147, PageID.12227-12229.)

Judge Davis referred this motion to me for hearing and determination.  (ECF

No. 142.)  On March 18, 2022, I conducted an in-person hearing, at which

attorneys Allison L. Kriger, David Samuel Shiener, and Gregory B. Paddison

appeared.  (ECF No. 143.)  The Court entertained commentary and argument from

counsel, after which the Court issued its ruling from the bench.[3]

### D.      Order

For the reasons stated on the record, <u>all of which are incorporated by

reference as though fully restated herein</u>, Plaintiff's motion for an order compelling

Defendant City of Detroit's Fed. R. Civ. P. 30(b)(6) witnesses to answer questions

(ECF No. 138) is **DENIED** as untimely.  Although the Court's September 9, 2021

order did not provide a specific deadline for the instant motion (ECF No. 118,

PageID.10895-10897), Judge Tarnow's initial scheduling order made clear that

discovery motions were to be filed before the close of discovery (ECF No. 18,

---

[3] Plaintiff has five attorneys of record.  Regardless of who argued this motion for
the Plaintiff, the result is unlikely to have been any different, the procedural history
being what it is.

PageID.109).  Moreover, Judge Tarnow's September 24, 2021 stipulated order provides that the ordered discovery should be completed "on or before November 5, 2021."  (ECF No. 124, PageID.11232.)[4]  Thus, while LeValley's October 19, 2021 continued deposition (ECF No. 138-2) was timely, the February 9, 2022 related discovery motion was not.  The Court is not convinced, as Plaintiff argued at the hearing, that ordering transcripts (particularly when LeValley's continued deposition was limited to one hour and forty-five minutes (ECF No. 118, PageID.10895) and the transcript could have been expedited anyway), the holiday season (which started over a month later), and the January 2022 passing of Judge Tarnow (three months later) justify a nearly four-month delay between LeValley's continued deposition and Plaintiff's filing of the instant motion.  Plaintiff has not provided an adequate explanation for this delay, let alone "good cause," in a case where efforts to put a cap on discovery have been repeatedly frustrated.  As this Court has previously noted, in similar circumstances:  "Federal Rule of Civil Procedure 37 'provides no deadline for filing of a motion to compel.'  Instead,

---

[4] Given the history of referrals in this case, the parties should have anticipated that this February 9, 2022 discovery motion (ECF No. 138) would be referred to me, and it is clear from September 9, 2021 status conference order (ECF No. 118, PageID.10895) that the Undersigned was already engaged in the issue of LeValley's deposition.  My own Practice Guidelines likewise state that motions related to discovery, if any, shall be filled "within the discovery period unless it is impossible or impracticable to do so."  *See* www.mied.uscourts.gov.  No such showing has been made as to LeValley's continued deposition.

such motions are analyzed under the good cause standard outlined in Rule 16(b).

Here, Plaintiff has not shown good cause for filing his motion *nearly four months*

*after the close of discovery . . . .*" *Santifer v. Inergy Auto. Sys., LLC*, No. 5:15-cv-

11486, 2016 U.S. Dist. LEXIS 97735, at *4 (E.D. Mich. July 27, 2016) (internal

citations omitted) (emphasis added).  *See also*, *Ginett v. Federal Express*, 166 F.3d

1213 (6th Cir. 1998) (affirming the district court's denial of a motion to compel as

untimely where the motion was filed two months after the close of discovery, even

though the moving party had all of the information it needed to timely file the

discovery motion); *Choate v. Nat'l RR Passenger Corp*., 132 F. Supp. 2d 569, 574

(E.D. Mich. 2001) (finding a motion to compel untimely where it was filed *3.5*

*months* after the close of discovery and the moving party failed to promptly

enforce its discovery rights).  In the case at bar, Plaintiff had all the necessary

information to file the instant motion on the day of the deposition, very soon

thereafter, or at worst by the November 5, 2021 deadline for the "completion of

some outstanding and some new, limited discovery . . . ." (ECF No. 188,

PageID.10895; ECF No. 124, PageID.11232.)  Plaintiff failed to promptly enforce

its discovery rights.

Discovery in this case has long needed a definitive conclusion.  That time is

now.  From the history of this case, the Court is convinced that any further

extensions of discovery and a fourth iteration of the LeValley deposition will result

7

in new conflicts and additional motion practice, and perhaps yet more requests for information. It is time for this case to proceed to the dispositive motion phase and perhaps trial.

Alternatively, the Court finds that the substance of the July 2021 meeting at issue in this motion is protected by the attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) ("the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."). The matter currently before the court is more analogous to *In re Grand Jury Subpoena*, 886 F.2d 135, 138 (6th Cir. 1989) ("The fact that the government of Detroit is bifurcated into a legislative and executive branch does not support the district court's conclusion that the two branches are distinct entities in the condemnation proceeding.") than it is to *Reed v. Baxter*, 134 F.3d 351, 357-358 (6th Cir. 1998) ("disparity of interest" precluded the Sixth Circuit "from concluding that Councilmen . . . acted as clients of the city's lawyer during the December 1992 meeting.").

Finally, LeValley agreed at the time of his October 19, 2021 continued deposition that "the only action that came after that meeting was the transfer of Sergeant Kue to the detention center[.]" (ECF No. 138-2, PageID.12036.) To the extent Plaintiff seeks information about subsequent remedial measures or what

8

actions were taken against Kue in the aftermath of the July 2021 meeting, any information following the meeting would be of marginal benefit and disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1), if not also excludable at trial under Fed. R. Civ. P. 407.

Costs and expenses will not be awarded under Fed. R. Civ. P. 37(a)(5)(B), because the Court finds that the motion was substantially justified in light of the prior rulings and the privilege issues at stake, even if the motion was unjustifiably tardy.

**Lest there be any confusion, discovery has concluded**.

**IT IS SO ORDERED.**

**Dated:**  March 21, 2022

Anthony P. Patti
U.S. MAGISTRATE JUDGE